**FLIGHT ENGINEERS' INTERNATIONAL ASSOCIATION, A.F.L.–C.I.O., TWA CHAPTER, an unincorporated association, by H. S. Dietrich, President of the TWA Local Council and as representative of all members and employees of Trans World Airlines, Inc., represented by said association, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., D. J. Crombie, Vice President—Industrial Relations, TWA, and Floyd D. Hall, Executive Vice-President, TWA and Air Line Pilots' Association, International, A.F. L.–C.I.O., an unincorporated association, Clarence N. Sayen, President, and as representative of all members and employees of Trans World Airlines, Inc., represented by said association, Defendants.**

United States District Court
S. D. New York.
May 23, 1962.

Kreindler & Kreindler, New York City, for plaintiff. Lee S. Kreindler, Jack L. Kroner, New York City, of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendants, Trans World Airlines, Inc., D. J. Crombie and Floyd D. Hall, Harold L. Warner, Jr., New York City, of counsel.

Cohen & Weiss, New York City, for defendant, Air Line Pilots' Ass'n International, A. F. L.-C. I. O., Benjamin M. Shieber, New York City, of counsel.

CASHIN, District Judge.

Plaintiff, Flight Engineers' International Association, A. F. L.-C. I. O., TWA Chapter, hereinafter referred to as "FE IA", has moved for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. granting a summary judgment in its favor. Defendant, Air Line Pilots' Association, International, A. F. L.-C. I. O., hereinafter referred to as "ALPA", has moved for an order dismissing the complaint pursuant to Rules 12(b) (1) and (6) of the Federal Rules of Civil Procedure on the grounds that this court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. Defendant, Trans World Airlines, Inc., hereinafter called "TWA", has moved for an order dismissing the complaint on the same grounds asserted by ALPA and, in the alternative, has moved pursuant to 28 U.S.C.A. § 1404(a) that the court grant a change of venue to the United States District Court for the Western District of Missouri.

FEIA is duly certified to represent the class or craft of employees of TWA known as Flight Engineers. ALPA is duly certified to represent the class or craft of TWA employees known as Pilots. On May 22, 1959, ALPA and TWA, a carrier within the meaning of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., entered into a Memorandum of Understanding, hereinafter referred to as the "Second Officers Agreement." Under this agreement TWA agreed to assign a third pilot, known as the Second Officer, as a part of the flight crew for the operation of all its turbo-jet aircraft. The agreement also provided that:

"* * * such Second Officer shall be qualified to provide relief at all required flight crew positions except that of pilot in command. Such qualifications shall be the minimum copilot qualifications as required by TWA including at least a commercial pilot's license, instrument rating, and the ability to fly the aircraft. Further, he will be given the opportunity to secure the training and the use of Company facilities when available, on his own time, to secure a Flight Engineer certificate. The Company shall not be required to conduct a flight solely to accommodate the above requirements."

In 1960 and early 1961, the TWA-ALPA System Board of Adjustment entertained a group grievance presented by ALPA which sought to compel TWA to enforce the Second Officers Agreement. On September 13, 1961, the Kelliher award was rendered requiring that TWA commence training the Second Officers with company facilities so that they will be qualified to provide relief at all required flight crew positions, except that of pilot in command, and so that they may secure a Flight Engineer certificate. Since September 1961, TWA has been training pilots in Flight Engineer duties.

FEIA alleges that TWA and ALPA violated Section 2, Ninth of the Railway Labor Act, 45 U.S.C.A. § 152, Ninth, by entering into the Second Officers Agreement without notice to FEIA and by implementing said agreement pursuant to the Kelliher award. I will not go into the merits of this claim since I do not feel that this dispute is justiciable in this court.

The legislative history of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., was carefully traced in Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943); General Committee of Adjustment, etc. v. Missouri-Kansas-Texas R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943), and General Committee of Adjustment, etc. v. Southern Pacific Co., 320 U.S. 338, 64 S.Ct. 142, 88 L.Ed. 85 (1943). These cases determined that—

"  *  *  *  Congress carved out of the field of conciliation, mediation and arbitration only the select list of problems which it was ready to place in the adjudicatory channel. All else it left to those voluntary processes whose use Congress had long encouraged to protect these arteries of interstate commerce from industrial strife. The concept of mediation is the antithesis of justiciability." General Committee of Adjustment, etc. v. Missouri-Kansas-Texas R. Co., supra, 320 U.S. at p. 337, 64 S.Ct. at p. 152.

The General Committee cases involved disputes between two certified unions, each claiming the authority to treat with the railroad on a particular issue. The M.-K.-T. case involved a dispute between the Engineers and the Firemen as to the calling of engineers for emergency service. The dispute was submitted to the National Mediation Board. The Engineers did not participate but thereafter challenged the Mediation Agreement of December 12, 1940 entered into by the Firemen and the carriers. The Engineers then brought an action for a declaratory judgment that the agreement of December 12, 1940 was in violation of the Railway Labor Act and that the Engineers should be declared to be the sole representative of the locomotive engineers with the exclusive right to bargain for them.

As can be seen, the facts in the M.-K.-T. case are strikingly similar to the facts in the case at bar. In both cases the carrier bargained with one union and then the other brought suit in the District Court. In the M.-K.-T. case the Engineers asserted that the carriers had no right under the Act to negotiate with the Firemen on the subject of emergency engineers. In the instant case FEIA asserts that the carrier, TWA, had no right under the Act to deal with ALPA on matters affecting the Flight Engineers craft. In both cases the argument advanced by plaintiff is that the contract is invalid because the carrier dealt with the wrong employee representative and that the District Court has jurisdiction because of the violation of 45 U.S.C.A. § 152, Ninth, which requires bargaining with the true employee representative. Just as this argument was rejected in the M.-K.-T. case, supra, so it must be rejected here.

As was said in M.-K.-T., supra, 320 U.S. at pages 334–335, 64 S.Ct. at p. 151:

"It is true that the present controversy grows out of an application of the principles of collective bargaining and majority rule. It involves a jurisdictional dispute—an asserted overlapping of the interests

of two crafts. It necessitates a determination of the point where the authority of one craft ends and the other begins or of the zones where they have joint authority."

The Court then went on to show that the District Court was without power to resolve the controversy.

Thus, in view of the Supreme Court decisions cited above, I find that the issues involved in the present litigation are not justiciable and that "any decision on the merits would involve the granting of judicial remedies which Congress chose not to confer." 320 U.S. 323, 338, 64 S.Ct. 153.

Defendants' motions to dismiss the complaint are hereby granted.

It is so ordered.